UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SIU CHING NGAI,

                        Plaintiff,

      -against-

ALEJANDRO MAYORKAS; UR M. JADDOU;
and TRACY RENAUD,

                        Defendants.

**MEMORANDUM AND ORDER**
22-CV-5358 (LDH) (JRC)

---

      Plaintiff Siu Ngai brings the instant action against Secretary of Homeland Security Alejandro Mayorkas, director of the United States Citizenship and Immigration Services ("USCIS") Ur M. Jaddou, and associate director of USCIS's Service Center Operations Directorate Tracy Renaud (collectively, "Defendants"). Plaintiff alleges that Defendants have unreasonably delayed adjudication of her application for asylum in violation of her due process rights and seeks a writ of mandamus, pursuant to 28 U.S.C. § 1361, to compel Defendants to act on her application. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint in its entirety.

## BACKGROUND[1]

Plaintiff is a New York resident who is seeking asylum in the United States. (Compl. ¶¶ 2, 5, ECF 1.) On July 25, 2019, Plaintiff filed an application for asylum, known as a Form I-589, with USCIS. (*Id.* ¶ 10.) USCIS notified Plaintiff six days later that it had begun to process her application. (*Id.* ¶ 11; Ex. A.) In the more than four years since that initial correspondence, however, "Plaintiff has not received any further notice of action regarding her application." (Compl. ¶ 11.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court deciding whether to grant a motion to dismiss must "draw all reasonable inferences in [the plaintiff's] favor, assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)) (citation omitted). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Further, a court is not obligated to accept a plaintiff's "conclusory allegations or legal conclusions masquerading as

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

factual conclusions." *Faber*, 648 F.3d at 104 (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)).

## DISCUSSION

### I.  Plaintiff's Mandamus Act Claim

Plaintiff seeks a writ of mandamus to require the government to immediately adjudicate her asylum application, which has been pending since July 25, 2019.  The Mandamus Act gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  The "exercise of the power of mandamus is a matter committed to the sound discretion of the [trial] court." *Pesantez v. Johnson*, No. 15 CIV. 1155 (BMC), 2015 WL 5475655, at *3 (E.D.N.Y. Sept. 17, 2015) (quoting *Cartier v. Sec'y of State,* 506 F.2d 191, 199 (D.C.Cir. 1974)).  However, before the Court may exercise the power of mandamus, a plaintiff must show "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).  Defendants argue that Plaintiff cannot satisfy the first and third requirements and therefore urge dismissal of the complaint.[2]  The Court agrees.

---

[2] The question of whether the three requirements for a writ of mandamus is a jurisdictional or merits inquiry remains an open question in this circuit.  *See City of New York v. United States Postal Serv.*, 519 F. Supp. 3d 111, 127 n.9 (E.D.N.Y. 2021) ("It is not always clear whether a failure to satisfy the elements of a mandamus claim under § 1361 warrants dismissal for lack of jurisdiction or for failure to state a claim.").  Given Defendants' argument that Plaintiff has failed to state a clam under 12(b)(6), the Court will treat the mandamus requirements as elements necessary to satisfy Plaintiff's claim.

Plaintiff maintains that she has a clear right to a writ of mandamus in this case given her right to seek asylum through the Immigration and Nationality Act ("INA"). (Pl.'s Mem. of L. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 7–8.) Indeed, Section 1158(d)(5) of the INA, requires that the "[a]djudication of [an] asylum application, not including administrative appeal, . . . be completed within 180 days after the date an application is filed." 28 U.S.C. § 1158(d)(5)(A)(iii). That said, the INA does not provide for any "substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." § 1158(d)(7). A legion of courts has held that § 1158(d)(7) unequivocally denies asylum applicants a private right of action to enforce the procedural requirements found in that statute. *Baisheng Chen v. Wolf*, No. 19-cv-9951 (AJN), 2020 WL 6825681, at *3 (S.D.N.Y. Nov. 20, 2020) (citation and quotations omitted) (dismissing mandamus claim in case challenging delay of I-589 adjudication, "where, as here, the statute itself specifically provides that the timing provisions do not 'create any substantive or procedural right or benefit,'" the plaintiff "cannot make a showing that he has a right – let alone a clear right – to the requested relief") (collecting cases). The Court finds this authority persuasive. Plaintiff does not possess a clear right to the relief she seeks from the Court.

Even if Plaintiff articulated a clear right to a prompter adjudication of her asylum application, Plaintiff has other adequate remedies available. Contrary to Plaintiff's allegation that she "has exhausted any administrative remedies that may exist," (Compl. ¶ 16), USCIS has a procedure that allows expedition for "emergencies and urgent humanitarian reasons." *See* https://www.uscis.gov/forms/filing-guidance/how-to-make-an-expedite-request. This is referred to as an "expedite request." (*Id.*) Defendants argue that Plaintiff has not availed herself of that procedure. Neither Plaintiff's complaint nor her briefing suggests otherwise.

Plaintiff's attempts to cure the deficiencies in her allegations are unavailing. She argues that her "right to adjudication of her asylum application within a reasonable time does exist independently of § 1158(d)." (Pl.'s Opp'n, at 6, ECF No. 17.) True enough, plaintiffs have a private right of action to compel agency action that is unreasonably delayed under the Administrative Procedure Act ("APA"). *See De Oliveira v. Barr*, No. 19-CV-1508 (ENV), 2020 WL 1941231, *4–5 (E.D.N.Y. Apr. 22, 2020) (acknowledging that the plaintiff could, in theory, state a claim that the asylum application was unreasonably delayed under the APA). Under the APA, the Court may compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Plaintiff's complaint does not "expressly refer to the APA or any of its provision[s]." (Pl.'s Opp'n at 13.) Plaintiff argues, nonetheless, that her allegation of unreasonable delay is sufficient to state an APA claim. However, an APA claim is not alleged and the Court declines to read such an allegation into the complaint. Plaintiff has been represented by counsel since her initiation of this litigation and she is therefore not entitled to such a liberal construction of the complaint. *See Boakye-Yiadom v. Laria*, No. 09 CV 622 (DRH) (ARL), 2012 WL 5866186, at *5 n.8 (E.D.N.Y. Nov. 19, 2012) (declining to read a Title VII claim into the complaint where the represented plaintiff did not explicitly allege one). Plaintiff fails to state a claim for relief under the Mandamus Act.

## II.   Plaintiff's Due Process Claim

Noncitizens, no different than citizens of this country, "are entitled to due process" and "must be afforded the opportunity to be heard at a meaningful time and in a meaningful manner." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal citations and quotation marks omitted). To state a claim for procedural due process, "[t]he first inquiry in every due process

challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 59 (1999). In addition, "[p]arties claiming denial of due process in immigration cases must . . . allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal citation and quotation marks omitted). At bottom, Plaintiff "must assert a claim that actually raises a constitutional question." *Arostegui v. Holder*, 368 F. App'x 169, 171 (2d Cir. 2010) (summary order).

Here, Plaintiff's complaint lacks factual amplification beyond her conclusory statement that the delay in her application has violated her due process rights. She does not identify a protected interest that has been infringed or any prejudice she has suffered due to Defendants' delayed resolution of her application. Mere assertions that the delay violated her due process rights will not do. *Id.* For that reason alone, the Court concludes that Plaintiff has failed to allege that Defendants violated her right to due process.[3]

---

[3] Plaintiff also asserts that Defendants have violated her rights under the Equal Protection Clause. The Court will not address that argument because it was not pleaded in her complaint. *See Boakye-Yiadom*, 2012 WL 5866186, at *5 n.8.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint is GRANTED.

SO ORDERED.

Dated:  Brooklyn, New York                             /s/ LDH

March 29, 2024                                        LaSHANN DeARCY HALL

United States District Judge